WALFISH & NOONAN, LLC
Gregory R. Noonan, Esquire
ID NO. 48544
John L. Walfish, Esquire
ID NO. 30386
528 DeKalb Street
Norristown, PA 19401
(610) 277-7899                                                                    Attorneys for Debtor

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| IN RE:<br>    DRUM CONSTRUCTION COMPANY, INC.,<br>        Debtor-in-Possession | CHAPTER 11<br>NO. 11-14857 |

**MOTION OF DEBTOR AND DEBTOR-IN-POSSESSION TO PERMIT (A) USE OF CASH COLLATERAL OF UNIVEST NATIONAL BANK; (B) PROVIDE ADEQUATE PROTECTION TO UNIVEST NATIONAL BANK AND (C) FOR AN EXPEDITED HEARING**

COMES NOW, the Debtor and Debtor-in-Possession, Drum Construction Company, Inc. (hereinafter referred to as "Debtor" and/or "Debtor-in-Possession"), and files this Motion requesting authority to permit (A) use of cash collateral; (B) provide adequate protection to Univest National Bank, and (C) for an Expedited Hearing and in support thereof and respectfully represents as follows:

**JURISDICTION, VENUE AND STATUTORY BASIS**

1. This Court has jurisdiction over this matter under 28 U.S.C. §§157 and 1334.  This is a core proceeding under 28 U.S.C. §157(b)(2).

2. Venue of this case and this Motion in this District is proper under 28 U.S.C. §§1408 and 1409.

3. The statutory predicates for the relief requested herein are sections 105(a), 361, 362, 363 and 552 of Title 11 of the United States Code, 11 U.S.C. §§101-1532 (the "Bankruptcy Code").  Such relief is warranted pursuant to Rule 4001(b) of the Federal Rules of Bankruptcy Procedure

(the "Bankruptcy Rules") and Rule 5070-1(f) of the Local Rules of Bankruptcy Practice and Procedure for the United States Bankruptcy Court for the Eastern District of Pennsylvania (the "Local Rules").

## FACTS AND BACKGROUND

4. Debtor filed its Petition under Chapter 11 of Title 11 of the United States Code ("U.S.C." or the "Code") on June 17, 2011.

5. Debtor has continued in possession of its property and operation of its business as Debtor-in-Possession pursuant to Sections 1107 and 1108 of the Bankruptcy Code.

6. No Creditors' Committee has been formed.

7. The Debtor is a construction company and engaged primarily in the construction of roads and other paved areas, excavation, site development and other related activities.

8. Univest National Bank is the holder of a security interest in Debtor's inventory, equipment, accounts receivable and assets through two (2) security promissory notes in the principal sum of $1,000,000.00, each. Such promissory notes have been personally guaranteed by Gary L. Carpenter, President of Debtor, and Brian L. Carpenter, Vice President of Debtor.

9. In the course of its operation, the Debtor-in-Possession is continuing to operate its business which is a construction company and collecting pre-petition accounts receivable. In accordance with the requirements of 11 U.S.C. §363(c)(4) such proceeds will be segregated in a separate bank account with Univest National Bank.

10. Debtor-in-Possession has no source of income other than from the payment for new work generated, sale of unused or underused equipment and the collection of its pre-petition accounts receivable. If it is not permitted to use the proceeds, it will have to close down its operations forthwith without paying its employees and without paying ordinary monthly expenses.

11. Debtor-in-Possession must have a preliminary hearing on this Motion if a closing down of the operations and the consequent immediate and irreparable harm to the estate are to be avoided.

12. Debtor-in-Possession's payroll, which is due to be paid on June 24, 2011, amounts to approximately $13,000.00. In accordance with §363(c)(2)(E) of the Code, the Debtor requests this Court authorize and approve the Debtor's use of cash collateral and for the payment of its ordinary operating expenses and weekly payroll.

13. In the event that Debtor-in-Possession is authorized to use such cash collateral, Univest National Bank is adequately protected in that the total value of the Debtor-in-Possession's inventory, accounts receivable and equipment is more than $7,980,359.40 and the total principal and interest due to the secured creditor at this time is approximately $2,070,924.70.

## **REQUESTED RELIEF**

14. The Debtor is seeking authority under Sections 105(a), 361, 362, 363 and 552 of the Bankruptcy Code for the use of the proceeds of its collection of pre-petition accounts receivable, payment for newly generated jobs/projects, and sales of its unused and/or underused equipment and supplies.

15. It is Debtor's intent to institute legal action to collect its accounts receivable and from the proceeds received therefrom provide distribution to its creditors.

16. In order to maintain the Debtor's operation, Debtor requires the use of cash collateral for the payment of construction expenses and payroll. Through the payment of these expenses, Debtor will be able, not only to maintain the status quo, but also to facilitate its reorganization.

17. The Debtor believes that the request to use cash collateral is proper, reasonable and necessary to continue the Debtor's operations.

18. Approval of the Debtor's request to use cash collateral is in the best interest of the Debtor and

creditors of the estate.

19. Unless Debtor can continue to operate, it will be unable to reorganize to the detriment of all of its creditors and the communities that it serves.

## APPLICABLE AUTHORITY

20. Bankruptcy Rule 4001(b) provides that the Court may fix the time within which objections to the approval of a motion relating to cash collateral and adequate protection pursuant to Section 363 of the Bankruptcy Code must be filed.  In addition, the Court is empowered to conduct an expedited preliminary hearing on the Motion and authorize the use of cash collateral to the extent necessary to avoid immediate and irreparable harm to the Debtor's estate.

21. The Debtor's use of the cash collateral as set forth herein is critical to the Debtor's efforts to reorganize utilizing the Chapter 11 process.  Absent the use of cash collateral on an expedited basis, the Debtor's ability to continue in Chapter 11 and maximize the value of its assets and pay its employees will be impaired greatly.

## REQUEST FOR EXPEDITED CONSIDERATION

22. Pursuant to Local Rule 5070-1(f), the Debtor is requesting an expedited hearing.  It si imperative that the Debtor be able to use the cash collateral as set forth herein to continue it operations to the benefit of its creditors, parties in interest and employees and their families.  Therefore an expedited hearing is appropriate under the circumstances.  Counsel for Debtor has notified Univest National Bank about the relief requested herein and the request for expedited hearing contemporaneously with the filing hereof.  The Debtor proposes that a hearing be scheduled on this Motion for the afternoon of Thursday, June 23, 2011.

## REQUEST FOR FINAL HEARING

23. Pursuant to Bankruptcy Rule 4001(b)(2), the Debtor requests that this Court set a date for the final hearing in this case for early July, 2011.

**NOTICE**

24. Notice of this Motion is being provided by overnight mail or fax to (i) the Office of the United States Trustee, (ii) counsel for Univest National Bank, and (ii) the parties listed on the Debtor's List of 20 Largest Unsecured Creditors and any other party who has filed a request for notice under Bankruptcy Rule 2002. The Debtor submits that, under the circumstances, no other or further notice is required.

**NO PREVIOUS REQUEST**

25. No previous request for the relief requested herein has been made to this or any other court.

**CONCLUSION**

WHEREFORE, Debtor-in-Possession prays:

a. for a preliminary hearing on this Motion in order that immediate and irreparable harm to the estate may be avoided;

b. for leave of the Court to pay the wages due to its employees for the period ending on June 24, 2011 and every week thereafter, until further order of this Court.;

c. For leave of the Court to pay its regular monthly operating expenses until further order of this Court; and

e. for leave of Court to grant the secured creditor with replacement liens on after acquired assets;

f. for such other and further relief as is just and equitable.

WALFISH & NOONAN, LLC

Date:  06/20/2011       By: /s/ Gregory R. Noonan, Esquire
                            Gregory R. Noonan, Esquire
                            John L. Walfish, Esquire
                            Attorneys for Debtor
                            528 DeKalb Street
                            Norristown, PA 19401
                            (610) 277-7899