UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| In Re: | : | |
| DRUM CONSTRUCTION COMPANY, INC. | : | Chapter 11 |
| Debtor | : | |
| | : | Bky. No. 11-14857-bif |

**OBJECTION OF UNIVEST NATIONAL BANK AND TRUST CO. TO MOTION OF DEBTOR AND DEBTOR-IN-POSSESSION TO PERMIT (A) USE OF CASH COLLATERAL OF UNIVEST NATIONAL BANK; (B) PROVIDE ADEQUATE PROTECTION TO UNIVEST NATIONAL BANK AND (C) FOR AN EXPEDITED HEARING**

AND NOW COMES, Univest National Bank and Trust Co. ("Univest"), by and through its counsel, Curtin & Heefner LLP and respectfully represents:

**I.    PROCEDURAL BACKGROUND:**

1.    Drum Construction Company, Inc. (referred to collectively herein in its capacity as debtor and debtor-in-possession as the "Debtor") filed its petition under Chapter 11 of the United States Code, as amended (the "Bankruptcy Code") on June 17, 2011 (the "Petition Date") and is presently operating as a debtor-in-possession in accordance with sections 1107 and 1108 of the Bankruptcy Code.

2.    On June 20, 2011, Debtor file a "Motion of Debtor and Debtor-in-Possession to Permit (A) Use of Cash Collateral of Univest National Bank [sic]; (B) Provide Adequate Protection to Univest National Bank [sic] and (C) for an Expedited Hearing" ("Motion") whereby Debtor seeks authority to use cash collateral.

3.    Univest objects to the Motion for the reasons stated in this Objection.

**II.    Pre-Petition Debt:**

    4.    Prior to the Petition Date, the Debtor executed in favor of Univest the following:

    a.    a Promissory Note (as amended or modified, "Note A") dated January 30, 2007, evidencing the obligation of Debtor to repay all indebtedness owed to Univest under a demand loan ("Loan A") in the maximum principal amount of $1,000,000.00; and

    b.    a Promissory Note (as amended or modified, "Note B") dated September 8, 2008, evidencing the obligation of Debtor to repay all indebtedness owed to Univest under a revolving loan ("Loan B") in the maximum principal amount of $1,000,000.00.  Note A and Note B are referred to herein collectively as the "Notes."  Loan A and Loan B are referred to herein collectively as the "Loans."  The Notes and all other agreements or instruments, as modified or restated from time to time, evidencing or securing the Loans are herein collectively referred to as the "Loan Documents."

    5.    As of the Petition Date, the Debtor was indebted to Univest (i) under Loan A in the amount of unpaid principal of $996,000.00, plus accrued interest, late charges, attorneys' fees, and other costs incurred by Univest and (ii) under Loan B in the amount of unpaid principal of $1,000,000.00, plus accrued interest, late charges, attorneys' fees, and other costs incurred by Univest (collectively "Indebtedness"). Debtor admits in paragraph 13 of its Motion that it is indebted to Univest under the Loans in the approximate amount of $2,070,924.70.

    6.    The Indebtedness is secured by, among other things, a security interest in, and continuing lien upon, all of the personal property of the Debtor of every kind and nature, wherever located whether now owned or hereafter acquired (collectively "Collateral"), including without limitation, all accounts, chattel paper, commercial tort claims, deposit accounts, documents, equipment, general intangibles, goods (whether or not comingled), instruments,

inventory, investment property, letter of credit rights, letters of credit, money, payment intangibles, supporting obligations, all products and proceeds of all of the foregoing personal property and any insurance policies relating thereto; and any recovery in any case under the United States Bankruptcy Code, 11 U.S.C. § 101 et seq. arising out of or involving an avoidable transaction; all accessions, parts, accessories, attachments, and appurtenances in any way used with, attached or related to or installed in, any equipment and inventory, and all of Debtor's present and future software, files, books, ledgers, records, customer lists, correspondence, bills, invoices, receipts, deeds, instruments, documents, general intangibles, warranties, bills of sale, manuals of operation, maintenance or repair and all other data and data storage systems and media pertaining to or utilized in connection with any of the collateral, whether or not in the possession of the Debtor, under the broadest definition of any such term (collectively "Collateral") assets of the Debtor, and all proceeds, substitutions, and products thereof, all as more specifically described in a Security Agreement dated January 30, 2007, and in a Security Agreement dated September 8, 2008, copies of which are attached hereto as Exhibit A.

7.   The security interest of Univest in the Collateral was perfected by the filing of UCC-1 financing statements with the Pennsylvania Department of State (i) on September 15, 1994 at number 23521242 (continued on July 26, 1999, July 26, 2004, and on August 3, 2009), (ii) on February 5, 2007 at number 2007020505834, and (iii) on October 18, 2010 at number 2010101904102. The Debtor acknowledges in its Motion that the Indebtedness constitutes an allowed, secured claim under the Bankruptcy Code. The acknowledgement of the Debtor is an admission against interest and is binding upon the Debtor.

8.   In the Motion, at paragraph 8, Debtor acknowledges that Univest has a security interest in the personal property of the Debtor consisting of "inventory, equipment, accounts

receivable and assets" as security for two Notes .

9. Debtor in paragraph 9 of the Motion admits that it has no source of income other than from payment of new work, sale of unused or underused equipment and from the collection of its pre-petition accounts receivable. Univest has a lien in all of these assets or the proceeds from such assets.

10. Debtor proposes to pay approximately $13,000.00 to unspecified employees which Univest believes includes officers of the Debtor who are guarantors or sureties of the Loans.

11. Debtor proposes to have unlimited use of all of Debtor's property for an unspecified period of time solely for the purpose of continuing operations and compensating unnamed employees.

12. Debtor asserts in paragraph 13 of its Motion that its inventory, accounts receivable and equipment have an aggregate value of more than $7,980,359.40. However, Debtor has failed to provide any documentation to substantiate that value.

**III.    Objections:**

13. Debtor has provided a six (6) week budget of its proposed use of cash, collections from accounts receivable, or sale of equipment ("Budget"), a copy of which is attached hereto as Exhibit B.

14. Debtor has failed to provide a forecast of cash receipts from "new work", the completion of existing contracts, and collection of receivables from completed contracts.

15. The Budget forecasts receipts of $88,000 from the sale of assets. However, the Debtor has not filed a Motion pursuant to section 363 of the Bankruptcy Code, 11 U.S.C. § 363, identifying the assets to be sold, the proposed buyer(s), the method of sale (private or auction), or

whether the proposed sales resulted from arms-length negotiations or insider deals with insiders or affiliated companies.

16. Debtor has failed to file its schedules of assets and liabilities, specifically any schedules of its assets by categories: inventory, accounts receivable, and equipment.

17. Debtor has failed to file a schedule of creditors which have existing liens on equipment so that a determination can be made if any equity exists in such equipment less the amount of prior liens. Without an analysis of the equipment documentation, it is unknown whether the equipment is subject to a pure lease or an installment purchase agreement which directly affects the nature and value of the Debtor's interest and any equity in such equipment.

18. Debtor has failed to provide a schedule of its contracts and receivables:

    a. to demonstrate that the cost to complete any contracts will generate revenues in excess of expenses to complete a project, such that Debtor will not be operating at a loss;

    b. that its recorded receivables are collectable; rather, in Paragraph 15 of the Motion, Debtor states that it must institute legal action to collect its accounts receivable. Such receivables are thus speculative.

19. The Debtor's budget forecasts expenditures of approximately $218,000 with receipts from regular operations of only, approximately, $133,000. Unless there is funding in excess of receipts from operations, the Debtor has inadequate funds to operate. Debtor proposes to make up the shortage by the sale of equipment all of which is subject to Univest's security interest. Debtor does not propose to pay any of the proceeds to Univest to reduce the Loans.

20. The Debtor's budget identifies "Loans/Reimb;Internal CBI, GMC, BLC" in the amount of $31,528.00 to be received during the week of 6/24/2011. The nature and character of

these funds is totally unexplained. If such are repayments of loans from affiliated entities and insiders, as Univest asserts upon reasonable belief, then these affiliated entities and insiders are themselves obligated to Univest under various loans transactions, including but not limited to the Loans, and Univest objects to such payments and transfer of funds from non-bankruptcy debtors to bankruptcy debtors to the extent that such payments are subject to a security interest of Univest as an impermissible consolidation of assets of related debtors which are separately and jointly liable to Univest.

21. The Debtor's proposed Order accompanying the Motion is inadequate to afford the protections to which Univest is entitled as a creditor with a security interest on all of the Debtor's assets. For example, the proposed Order fails to proved a replacement perfected security interest and lien under Section 361(2) of the Bankruptcy Code in all property of the Debtor and of the Debtor's estate, and the proceeds thereof, with the same priority that Univest held in the Debtor's pre-petition property.

22. The Debtor's proposed Order accompanying the Motion is inadequate in its failure to provide Univest with superpriority administrative expense claim, pursuant to Section 507(b) of the Bankruptcy Code, senior to any and all claims against the Debtor under Section 507(a) of the Bankruptcy Code in this proceeding or in any superseding proceeding.

23. The Debtor's proposed Order accompanying the Motion is inadequate in that there is no provision for (a) the payment of insurance to protect the interests of Univest in the assets of the Debtor in the event of a loss, (b) the naming of Univest as an "additional insured/loss payee" on all policies of property insurance insuring any real or personal property of the Debtor or the Debtor's estate, or (c) the naming of Univest as an "additional insured" under all liability insurance.

24. The Debtor's proposed Order accompanying the Motion is inadequate in that there is no provision for granting Univest a superpriority administrative expense claim, pursuant to Section 507(b) of the Bankruptcy Code, senior to any and all claims against the Debtor under Section 507(a) of the Bankruptcy Code in this proceeding or in any superseding proceeding

25. Univest reserves the right to make further objections at the time of hearing or thereafter. As the Debtor only provided its budget on the eve of the hearing, there has been inadequate time in which to address the many deficiencies of the Debtor's Motion and proposed budget and the proposed Order.

**IV.    Legal arguments:**

26. Section 363 of the Bankruptcy Code provides that a debtor in possession may not utilize cash collateral unless the creditor holding an interest in such cash collateral absolutely consents or, after notice and a hearing, the court finds that secured creditor's interest in the cash collateral is adequately protected. 11 U.S.C. § 363(c) and (e); see also, In re Czyzk, 297 B.R. 406, 410 (Bankr. D.N.J. 2003).

27. Under the Bankruptcy Code, the party asserting an interest in cash collateral has the initial burden of demonstrating the validity, priority or extent of its interest. 11 U.S.C. § 363(p)(2). Once this burden is met, the debtor-in-possession bears the burden of proof on the issue of adequate protection 11 U.S.C. § 363(p)(1). In this case the Debtor's Motion is an admission of its obligations to Univest and Univest's lien in all of the assets of the Debtor. Therefore the burden to proceed rest solely and immediately on the Debtor.

28. As Debtor does not dispute Univest's secured interest in the "cash collateral", the Debtor bear the burden of showing either that (i) Univest consents to the Debtors' use of cash collateral, or (ii) Univest's interest in the cash collateral is adequately protected. See 11 U.S.C. §

363(p)(1); see also In re NJ Affordable Homes Corp., 2006 Bankr. LEXIS 4498, *51 (Bankr. D.N.J. Jun. 29, 2006).

29.     By this Objection, Univest unequivocally states that it does not consent to Debtor's use of the cash collateral and hereby requests adequate protection of its interest in both cash and non-cash collateral. The Debtor, therefore, must prove that Univest's security interest in the cash collateral is adequately protected. Univest respectfully submits that the Debtor cannot meet this burden.

30.     If Debtor wishes to use a secured lender's cash collateral, absent its consent, the Debtor must provide Univest with adequate protection against any diminution in value of such collateral while in use by the Debtor. See In re Glasstream Boats, Inc., 110 B.R. 611, 613 (Bankr. M.D. Ga. 1990) (test is whether a debtor carries its burden of proof to show that its use of cash collateral will not reduce the secured creditor's interest in property); In re Grant Broadcasting, 71 B.R. 376, 384 (Bankr. E.D. Pa. 1987) (noting that absent consent, use of cash collateral requires adequate protection). Failure to provide affirmative protection to a secured creditor is a violation of the clear mandate of the Bankruptcy Code. See 11 U.S.C. §363(c).

31.     The concept of adequate protection is derived from the Fifth Amendment's protection of property interests as well as the notion that secured creditors should not be deprived the benefit of their bargain. See In re Dispirito, 371 B.R. 695, 698 (Bankr. D.N.J. 2007). As such, adequate protection must protect the creditor's interest from any diminution in value while in use by the Debtor. In re Glasstream Boats, Inc., 110 B.R. at 613. Thus, the extent of adequate protection a debtor should be required to provide is determined by the expected decrease in value of the secured creditor's collateral. Id.; see also In re Rankin, 49 B.R. 565, 569 (Bankr. W.D.

Miss. 1985) (adequate protection must protect value against possible risks to that value) (citing In re Martin, 761 F.2d 472, 476 (8th Cir. 1985)).

32. Section 361 of the Bankruptcy Code sets forth three non-exclusive examples of what may constitute adequate protection: (i) cash payments equivalent to the decrease in value of the security interest; (ii) an additional or replacement lien on other property; and/or (iii) other relief that provides the "indubitable equivalent" in value of the security interest. 11 U.S.C. § 361; see also, e.g., Resolution Trust Corp. v. Swedeland Dvp. Group, Inc. (In re Swedeland), 16 F.3d 552, 564 (3d Cir. 1994). Overall, protection is deemed "adequate" if the secured creditor's interests are preserved at "status quo" or are protected from dissipation by cash payments, replacement liens or the like. In re Triplett, 87 B.R. 25 (Bankr. W.D. Tex. 1987). Any adequate protection must not be illusory and, particularly in the context of the use of cash collateral, must be "of the most indubitable equivalence." See In re Goode, 235 B.R. 584, 589 (Bankr. E.D. Tex. 1999) (citing In re Waste Conversion Technologies, Inc., 205 B.R. 1004, 1007 (D. Conn. 1997)). Accordingly, adequate protection "should as nearly as possible under the circumstances of the case provide the creditor with the value of his bargained for rights." In re Swedeland, 16 F.3d at 564 (citing In re Martin, 761 F.2d at 476; In re American Mariner Industries, Inc., 734 F.2d 426, 435 (9th Cir. 1984)).

33. Although § 361 of the Bankruptcy Code does not set forth an exhaustive list of what may constitute adequate protection, it does provide the most commonly accepted forms of adequate protection. Based upon the realities of the present case, it is evident that Univest's interests are not adequately protected and the Debtor cannot provide Univest with any acceptable form of adequate protection.

34. With a total lack of information, exemplified by the absence of any schedules of assets and liabilities and contract analysis, the Debtor cannot demonstrate the ability to repay the Loans under a plan of reorganization.

35. Based upon the Debtor's budget which shows the absence of collections to meet forecasted operating expenses, the Debtor cannot demonstrate a reasonable prospect of reorganization within a reasonable time.

**V.     Summary:**

36. Debtor admits its liabilities to Univest and Univest's security interest in all of Debtor's assets.

37. Debtor bears the burden of demonstrating Univest's consent or that the Debtor's assets provide adequate protection for the use of Univest's cash collateral.

38. Based upon the representations in the Motion and the Budget, the Debtor cannot meet its burden of proof.

WHEREFORE, Univest prays that the Motion be denied.

Respectfully submitted,

*/s/ Robert Szwajkos*
Gilbert J. Golding, Esquire
Robert A. Badman, Esquire
Robert Szwajkos, Esquire

CURTIN & HEEFNER LLP
250 N. Pennsylvania Ave.
Morrisville, PA 19067
Telephone:    215-736-2551
Facsimile:     215-736-3647
Email:          rsz@curtinheefner.com

Date:   June 23, 2011